

F I L E D

SEP 3 0 2009

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

JAMES LOUIS LEE,

     Plaintiff,

v.                                        Civil Action No. **3:08CV161**

PATRICK GURNEY, *et al.*,

     Defendants.

### MEMORANDUM OPINION

Plaintiff, a Virginia inmate infected with hepatitis C, filed this action under 42 U.S.C.

§ 1983. Plaintiff contends that he has been denied adequate treatment for his hepatitis C in

violation of the Eighth Amendment.[1] Plaintiff has named as defendants: Dr. Levester Thompson,

a physician at Nottoway Correctional Center ("NCC"); Patrick Gurney, the former Assistant

Warden of NCC; Fred Schilling, the Health Services Director of the Virginia Department of

Corrections ("VDOC"); and Dr. Howard Stephens the Chief Physician for the VDOC.[2] Plaintiff

demands monetary damages and injunctive relief. The matter is before the Court on the motion

for summary judgment filed by Defendants Gurney, Schilling, and Stephens (hereinafter

collectively "Defendants"). Plaintiff has responded to that motion.

---

[1] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[2] Plaintiff also named Prison Health Services ("PHS") as a defendant. Plaintiff, however, agreed to the dismissal of all claims against PHS. By Order entered on July 30, 2009, all claims against PHS were dismissed.

## I. Preliminary Matters Before the Court

Plaintiff contends that Defendants are not entitled to summary judgment because they misrepresented his claims and did not address them as pled in the complaint. (Pl.'s Resp. to Defs.' Mot. for Summ. J.)  The Court disagrees.  Plaintiff alleges Defendants violated his rights under the Eighth Amendment for failing to order appropriate treatment for his hepatitis C. Defendants have addressed the substance of that claim in the motion for summary judgment.[3] Thus, Plaintiff's invocation of other principles, which are either subsumed within the Eighth Amendment claims or irrelevant to the Eighth Amendment claims, does not preclude summary judgment. *See Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

By Memorandum Order entered on March 9, 2009, the Court granted Defendants' motion for a protective order.  Citing Federal Rule of Civil Procedure 56(f), Plaintiff has moved to amend the protective order and grant limited discovery.[4]  Rule 56(f) permits a court to deny summary judgment or grant a continuance when the party opposing summary judgment is able to demonstrate through affidavits that it has not had an adequate opportunity to discover information that is essential to its opposition to summary judgment.  *Evans v. Techs. Applications & Serv. Co.,* 80 F.3d 954, 961 (4th Cir. 1996).  The party seeking relief under Rule

---

[3] In his complaint, Plaintiff also complained that Dr. Thompson had not vaccinated him for hepatitis A and B.  (Compl. 19.)  At this juncture, Plaintiff has failed to adequately explain why Defendants are liable for that alleged lapse of medical judgment by Dr. Thompson. Furthermore, although Plaintiff now complains that his hepatitis C has caused him physical discomfort for which he has not been adequately treated.  Plaintiff did not raise such a claim in his original complaint.  To the extent he wishes to amend his complaint to add such a claim, he must file an appropriate motion along with a proposed amended complaint.

[4] Because Plaintiff must prevail under Rule 56(f) in order to forestall consideration of the pending motion for summary judgment, that aspect of the Plaintiff's motion is dispositive of the Court's analysis of Plaintiff's motion.

56(f) must file an affidavit that "particularly specifies legitimate needs for . . . discovery." *Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995). Thus, it is appropriate to deny relief under Rule 56(f) when the party asking for relief does "not specifically allege why the information sought would . . . be[] sufficient to create a genuine issue of material fact such that it would [] defeat[] summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995). Considering the sum of the evidence already before the Court, Plaintiff's request for relief under Rule 56(f) does not adequately articulate how the additional information he seeks would be sufficient to defeat Defendants' motion for summary. Accordingly, Plaintiff's motion to amend the protective order and stay summary judgment (Docket No. 68) will be DENIED.

## II. Standard For Summary Judgment

Summary judgment must be rendered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate

3

'specific facts showing that there is a genuine issue for trial.'" *Id.* (*quoting* former Fed. R. Civ. P. 56(c) and 56(e) (1986)). In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Nevertheless, the nonmoving party cannot "'create a genuine issue of material fact through mere speculation or the building of one inference upon another.'" *Emmett v. Johnson*, 532 F.3d 291, 296 (4th Cir. 2008) (*quoting Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir.1985)). Furthermore, "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (*quoting Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992)).

In support of their motion for summary judgment, Defendants have tendered affidavits, copies of Plaintiff's grievances, and copies of pertinent prison regulations. Plaintiff has responded by submitting affidavits, sworn statements, copies of correspondence, medical articles and a publication from the American Civil Liberties Union, which criticizes the quality of medical care within the VDOC (the "ACLU Report").

At this stage, the Court is tasked with assessing whether Plaintiff "has proffered sufficient proof, in the form of *admissible* evidence, that could carry the burden of proof of his claim at trial." *Mitchell v. Data General Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993) (emphasis added). Any affidavit or sworn statement in support of Plaintiff's claims "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e)(1). Thus, Plaintiff's sworn testimony as to

4

what he believes constitutes the appropriate, accepted standard of medical care for hepatitis C is simply not admissible. *See Bell v. Kolongo*, No. 1:03cv00501, 2004 WL 3247156, at *4 (E.D. Va. Oct. 25, 2004) (granting motion to strike inmates's statements regarding the accepted standards of medical care). Additionally, Plaintiff is not competent to testify that his hepatitis C is the cause of any abdominal pain, back pain, or chronic fatigue or that a certain treatment would alleviate these symptoms. *See Pearson v. Ramos*, 237 F.3d 881, 886 (7th Cir. 2001).

Plaintiff's submission of medical articles and the ACLU report fare no better. Plaintiff fails to offer any theory under which the material contained in those documents, or his general sworn adoption of the facts contained in those documents, are admissible. *See Moore v. Matthews*, 445 F. Supp. 2d 516, 528-29 (D. Md. 2006) (discussing proper method for admitting learned treatises); *Agric. Ins. Co., Inc. v. Ace Hardware Corp.*, 214 F. Supp. 2d 413, 416 (S.D.N.Y. 2002); *see also Celotex Corp.*, 477 U.S. at 324 (emphasizing the need to designate specific facts); *Evans v. Techs. Applications & Serv. Co.,* 80 F.3d 954, 962 (4th Cir. 1996) ("[S]ummary judgment affidavits cannot be conclusory . . . or based upon hearsay." (*citing Rohrbough v. Wyeth Labs., Inc.,* 916 F.2d 970, 975 (4th Cir.1990); *Md. Highways Contractors Ass'n v. Maryland,* 933 F.2d 1246, 1252 (4th Cir.1991))). Thus, these submissions are not entitled to further consideration in assessing the propriety of the motion for summary judgment. In light of the foregoing submissions and principles, the following facts are presumed true for purposes of the motion for summary judgment.

### III.  Summary Of Pertinent Facts

In May of 2006, Plaintiff was informed by the NCC medical staff that he was infected with hepatitis C.  Shortly thereafter, Plaintiff met with Dr. Thompson to discuss possible

treatment for this disease. Dr. Thompson informed Plaintiff that he did not qualify for the

treatment under the pertinent VDOC guidelines, and "plaintiff had to wait until his [ALTs] or

liver enzyme levels reach twice normal before he could be considered for the treatment he

needed." (Compl. 4.)

On July 18, 2006, Plaintiff filed a grievance wherein he complained that he had not

received treatment for his "debilitating illness." (Defs.' Mem. in Supp. of Mot. for Summ. J.

Gurney Aff. Encl. 2.) Defendant Gurney investigated and responded to Plaintiff's grievance.

Defendant Gurney's investigation revealed that Plaintiff had been diagnosed with hepatitis C, but

that according to Dr. Thompson, Lee's liver enzymes were not in the range to warrant a liver

biopsy. Dr. Thompson, further ordered that Plaintiff's liver enzymes be retested in three months

to monitor Plaintiff's disease. Based upon this information, Defendant Gurney determined that

Plaintiff's grievance was unfounded. Plaintiff appealed that determination to Defendant

Schilling, the Health Services Director for the VDOC.

Defendant Schilling provides the second tier response to any grievance regarding medical

treatment.[5] Before Defendant Schilling provides any response regarding medical treatment, Dr.

Thompson, the Chief Physician for the VDOC investigates the matter. Dr. Thompson then drafts

the initial response to the grievance. The response is then formalized and signed by Defendant

Schilling. Defendant Schilling represents that "[t]he Level II response that I sign always follows

---

[5] Defendant Schilling represents that his job is primarily one of administration.
Defendant Schilling does not determine what kind of treatment an inmate receives for a medical
condition. Defendant Schilling relies upon the professional judgment of the doctors and nurses
for the appropriate diagnosis and treatment of an inmate's medical condition. Defendant
Schilling does not intervene in medical decisions other than to ensure that there has been
compliance with the medical operating procedures at the institutional level.

the final decision that has been drafted by the appropriate person (Chief Physician, Chief Dentist, etc.). I do not substitute my own judgment or decision for that of the Chief Physician . . . ." (Defs.' Mem. in Supp. of Mot. for Summ. J., Schilling Aff. ¶ 6.) In this case, Defendant Schilling's investigation revealed that no course of treatment was warranted or had been ordered for Plaintiff's hepatitis C. Therefore, Defendant Schilling determined that Plaintiff's grievance was unfounded.

Dr. Stephens offers a fulsome explanation for his assessment that Plaintiff did not and does not require treatment for his hepatitis C. Dr. Stephens explains that because of the risks and benefits associated with hepatitis C treatment, the VDOC has established some general guidelines for treatment of inmates (hereinafter the "Guidlelines"). (Defs.'s Mem. in Supp. of Summ. J., Stephens Aff. ¶ 4 (hereinafter "Stephens Aff.").) Specifically, Dr. Stephens notes "[o]nly a minority of patients with chronic hepatitis C virus respond to Interferon and Ribavirin therapy. Screening of candidates occurs before initiating therapy." (Stephens Aff. ¶ 4.) Although treatment can reduce the possible increased risk of cirrhosis and liver cancer associated with hepatitis C, "available medication treatments for hepatitis C infection are fraught with complications. Side effects can be incapacitating, and even fatal. In particular, persons with certain medical and mental health conditions are at high risk for fatal complications from the medications. For these reasons, the VDOC strives to select those individuals most likely to benefit from, and least likely to be harmed by, the treatment." (Stephens Aff. ¶ 7.)

Dr. Stephens swears that the decision not to treat Lee's hepatitis C was and is based on medical need, not cost. (Stephens ¶ 8.) Dr. Stephen specifies:

7

Lee's disease has not yet progressed to a point at which treatment is medically warranted or prudent. Lee does not meet the criteria for treatment for hepatitis C because his liver enzymes (ALT) are less than twice normal. The enzymes correlate with disease activity. Studies have shown that if liver enzymes (ALT) are less than two times normal it is unlikely that the individual has severe disease. Lee, and other inmates with hepatitis C, are monitored every six months. If Lee's liver enzymes progress to more than twice normal (normal being 0 -40), indicating progression of the disease, then we would proceed with the next step - a liver biopsy.

(Stephens ¶ 8.)  Since 2006, Plaintiff's liver enzymes have been monitored.  Although Plaintiff's enzymes levels are slightly elevated, they have not reached a level that indicated a progression of the disease to the point where a liver biopsy was warranted.

In June of 2007, Dr. Stephens responded to a letter written by a prison advocacy group, which inquired after Plaintiff's need for treatment.  Dr. Stephen's response is somewhat confusing, but he ultimately concludes that further evaluation was necessary before Plaintiff could receive treatment for hepatitis C.  Dr. Stephens states: "I have reviewed James V. Lee's medical record and currently he does meet guidelines for treatment of hepatitis C.  Within two months liver specialists at Virginia Commonwealth University Health System will begin evaluating and treating our inmates who have hepatitis C.  If he qualifies for treatment under the liver specialists' guidelines James Lee will receive treatment for hepatitis C."  (Submission of Material Documentary Evidence (3) Ex. DD (Docket No. 53.).)

At some point thereafter, Plaintiff wrote to Dr. Stephens and complained about the lack of treatment for his hepatitis C and that he was experiencing discomfort.[6]  On September 5, 2007, Dr. Stephens responded that his laboratory tests did not indicate that Plaintiff's illness had

---

[6] Plaintiff has submitted a copy of his Dr. Stephens's response to Plaintiff's letter. Plaintiff, however, has not submitted the letter to wrote to Dr. Stephens or clearly articulated what he complained about in that letter.

progressed to the point a liver biopsy was appropriate. (Pl.'s Submission of Material

Documentary Evid. (4).) Dr. Stephens advised Plaintiff that if he was experiencing discomfort in

his abdomen, he should sign up for sick call and he would be evaluated by Dr. Thompson.

### III.  Eighth Amendment Analysis

In order to survive summary judgment, Plaintiff must demonstrate that Defendants were

deliberately indifferent to his serious medical needs. *See Brown v. Harris*, 240 F.3d 383, 388

(4th Cir. 2001). "Deliberate indifference is a very high standard-a showing of mere negligence

will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (*citing Estelle v. Gamble*,

429 U.S. 97, 105-06 (1976)). "Deliberate indifference requires a showing that the

defendants . . . actually knew of and ignored [an inmate's] serious need for medical care." *Young

v. City of Mount Ranier*, 238 F.3d 567, 575-76 (4th Cir. 2001) (*citing White ex rel. White v.

Chambliss*, 112 F.3d 731, 737 (4th Cir. 1997)). "To establish that a health care provider's

actions constitute deliberate indifference to a serious medical need, the treatment must be so

grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to

fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (*citing Rogers v.

Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986)). In this regard, the right to medical treatment is

limited to that treatment which is medically necessary and not to "that which may be considered

merely desirable." *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977); *see also Kersh v.

Bounds*, 501 F.2d 585, 588-89 (4th Cir. 1974). Furthermore, absent exceptional circumstances,

an inmate's disagreement with medical personnel with respect to a course of treatment is

insufficient to state a cognizable constitutional claim, much less demonstrate deliberate

indifference. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (*citing Gittlemacker v.

*Prasse,* 428 F.2d 1, 6 (3d Cir. 1970)). Thus, "[t]he Eighth Amendments prohibition on cruel and unusual punishment is not violated when a doctor simply resolves 'the question whether additional diagnostic techniques or forms of treatment is indicated.'" *Self v. Crum,* 439 F.3d 1227, 1232 (10th Cir. 2006) (*quoting Estelle,* 429 U.S. at 107).

Plaintiff fails to demonstrate that Defendants were deliberately indifferent to any need for treatment for hepatitis C. The record demonstrates that Defendants Gurney and Schilling reasonably deferred to Drs. Stephens and Thompson about the proper course of treatment, if any, for Plaintiff's disease. *See Miltier,* 896 F.2d at 854-55 (explaining that supervisory officials may rely upon expertise of medical personnel). Dr. Stephens and Thompson, in turn, concluded that the risks posed by treatment of Plaintiff's hepatitis outweighed the possible benefit to Plaintiff from treatment. Plaintiff's disagreement with these medical decisions is insufficient to demonstrate that either Dr. Stephens or the other Defendants acted with deliberate indifference to his serious medical needs. *See Johnson v. Doughty,* 433 F.3d 1001, 1013-14 (7th Cir. 2006); *Perkins v. Kan. Dep't of Corr.,* 165 F.3d 803, 811 (10th Cir. 1999); *Russell v. Sheffer,* 528 F.2d 318, 319 (4th Cir. 1975).

Furthermore, Plaintiff has failed to demonstrate that he is entitled to injunctive relief with respect to Defendants. In order to survive summary judgment, Plaintiff was required to "come forward with evidence from which it can be inferred that the defendant-officials . . . are at the time of summary judgment, knowingly and unreasonably disregarding an objectively intolerable risk of harm, and that they will continue to do so." *Farmer v. Brennan,* 511 U.S. 825, 846 (1994). Plaintiff has not demonstrated defendants are disregarding an objectively intolerable risk of harm. Rather, the evidence reflects that Defendants have ensured that Plaintiff's liver

10

enzymes are regularly monitored to assess the progress of his disease.  Plaintiff fails to

demonstrate that he currently faces an "objectively intolerable risk of harm" from the lack of

additional medical intervention at this time.  *Id.*  Accordingly, Defendants' motion for summary

judgment (Docket No. 36) will be GRANTED.  Plaintiff's claims against Defendants will be

DISMISSED.

      An appropriate Order shall issue.

> /s/
> _____
> Richard L. Williams
> United States District Judge

**SEP** 3 0 2009
Dated:_____

Richmond, Virginia