Case 3:08-cv-00161-JAG Document 80 Filed 09/30/09 Page 1 of 6 PageID# 541



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

JAMES LOUIS LEE,

    Plaintiff,

v.                                                  Civil Action No. **3:08CV161**

**PATRICK GURNEY**, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate infected with hepatitis C, filed this action under 42 U.S.C. § 1983. Plaintiff has named as defendants: Dr. Levester Thompson, a physician at Nottoway Correction Center ("NCC"); Patrick Gurney, the former Assistant Warden of NCC; Fred Schilling, the Health Services Director of the Virginia Department of Corrections ("VDOC"); and Dr. Howard Stephens the Chief Physician for the VDOC.[1] The matter is before the Court on the motion to dismiss filed by Dr. Thompson.

### I. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980

---

[1] Plaintiff also named Prison Health Services ("PHS") as a defendant. Plaintiff, however, agreed to the dismissal of all claims against PHS. By Order entered on July 30, 2009, all claims against PHS were dismissed.

F.2d at 952. This principle only applies to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs can not satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing

statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Summary of Pertinent Allegations

In May of 2006, Plaintiff was informed by the NCC medical staff that he was infected with hepatitis C. Shortly thereafter, Plaintiff met with Dr. Thompson to discuss possible treatment for this disease. Dr. Thompson informed Plaintiff that he did not qualify for the treatment under pertinent VDOC guidelines, and "plaintiff had to wait until his [ALTs] or liver enzyme levels reached twice normal before he could be considered for the treatment he needed." (Compl. 4.) Plaintiff contends that such a determination is counter intuitive because treatment for Hepatitis C, "has it's highest effective rate of almost 50% when it's [sic] began in early stages of the disease's progression." (Compl. 13.) Plaintiff suggests the lack of treatment has damaged his liver (Compl. 5) and alleges that the lack of treatment is "creating a condition of lingering death or in the very least progressively worsening sickness." (Compl. 12.) Plaintiff further complains that Dr. Thompson failed to provide Plaintiff with any counseling on how to manage his disease and failed "to properly vaccinate plaintiff against both hepatitis A and B, which is the universally bare minimum treatment for HCV infected persons." (Compl. 19.) Plaintiff demands monetary damages and injunctive relief.

## III. Dr. Thompson's Motion To Dismiss

Dr. Thompson notes that Plaintiff concedes that his condition is not so severe as to require treatment under the VDOC standard treatment guidelines for Hepatitis C. Dr. Thompson concludes that Plaintiff's complaint must be dismissed because "[a]dherence to these guidelines

constitutes compliance with the Eighth Amendment to the United States Constitution. See Cooper v. Schilling, [No. 7:06cv00296] 2006 WL 3359592 (W.D. Va. [Nov. 20.,] 2006)." (Mot. to Dismiss 1.) Contrary to Dr. Thompson's suggestion, the court in *Cooper* did not conclude that adherence by a physician to the VDOC's precludes an Eighth Amendment claim. Rather, the *Cooper* concluded that the plaintiff's claim could not survive summary judgment because the plaintiff had failed to come forward with evidence that the defendants acted with deliberate indifference.[2] The decision in *Cooper* is useful in evaluating the level of evidence a plaintiff must submit in order to survive summary judgment, it is not particularly pertinent to assessing what a plaintiff must allege to survive a motion to dismiss. Dr. Thompson does not direct the Court to any decision where a court concluded allegations similar to Plaintiff's failed to state a claim.

Dr. Thompson persists that Plaintiff's complaint should be dismissed because:

> The allegations of the Complaint fail to show that the Plaintiff has suffered any harm as a result of the denial of liver biopsy or further treatment for Hepatitis C or that he has suffered any harm as a result of not receiving vaccinations against other types of Hepatitis. Indeed the Plaintiff contends that "the court should not require proof that serious injury has occurred to identifiable individuals as a result of these policies". (Complaint pp. 10-11). This is exactly what the law requires, however. Farmer v. Brennan, 511 U.S. 825 (1994); Sosebee v. Murphy, 797 F. 2d 179 (4th Cir. 1986).

(Mot. to Dismiss at 1.) Plaintiff suggests the lack of treatment has damaged his liver (Compl. 5) and alleges that the lack of treatment is "creating a condition of lingering death or in the very

---

[2] In hepatitis C plaintiff in *Cooper* had low platelet levels. *Id.* 2006 WL 3359592, at *6. The evidence reflected that treatment for hepatitis C "will cause a patient's platelet count to drop by an average of 33%. Platelets are responsible for blood clotting and a low platelet count may result in uncontrollable bleeding and hemorrhaging." *Id.* In the doctor defendant's reasoned judgment, the requested "treatment would constitute more of a danger to plaintiff than would be justified by the remote possibility of any benefit to him." *Id.* at *7.

least of progressively worsening sickness." (Compl. 12.) Dr. Thompson does not adequately explain why these allegations are insufficient to support the objective component of an Eighth Amendment claim. Similar allegations have been found sufficient to support the objective component. For example, in *Erikson v. Pardus*, 551 U.S. 89 (2007), the plaintiff, who had hepatitis C, alleged that he was "'in need of treatment'" and the denial of such treatment, "was 'endangering [his] life.'" *Id.* at 94 (alteration in original). The lower courts had dismissed the complaint because they concluded the plaintiff had failed to adequately allege that he had sustained substantial harm. *Id.* at 92. The Supreme Court concluded that the prisoner's allegations "concerning [the] harm caused . . . by the termination of his medication" are not "too conclusory to establish for pleading purposes that he has suffered a 'cognizable independent harm' as a result of his denial of hepatitis C treatment." *Id.* at 93. The Supreme Court remanded the case to the United States Court of Appeals for the Tenth Circuit for further proceedings. *Id.* at 95. On remand, the Tenth Circuit concluded that plaintiff had "pled sufficient facts to state a claim under the objective component of the Eighth Amendment's deliberate indifference standard." *Erickson v. Pardus*, 238 F. App'x 335, 335 (10th Cir. 2007) (No. 06-1114), *available at* 2007 WL 1636290 at *1. In light of the current state of the law, Dr. Thompson has failed to demonstrate that Plaintiff's allegations are insufficient to state a claim.[3] The motion to dismiss (Docket No. 27) will be DENIED.

---

[3] Plaintiff also has requested injunctive relief in conjunction with his Eighth Amendment claim. The Supreme Court has rejected the notion that a prisoner is required to allege that he has sustained a "physical injury before obtaining court-ordered correction of objectively inhumane prison conditions." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

5

The Clerk is DIRECTED to send a copy of the Memorandum Opinion and Order to Plaintiff and counsel of record.

And it is so Ordered.

/s/
Richard L. Williams
United States District Judge

Dated: SEP 3 0 2009
Richmond, Virginia